

FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0385

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0385

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

BRODY LUCAS BOLES

Petitioner,

v.                                                                    O R D E R

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent

Brody Lucas Boles petitions this Court for habeas corpus relief, contending that the Board of Pardons and Parole (Board) violated his Due Process rights when the Board denied him parole on June 16, 2021. Boles states that he had asked for a continuance of his appearance while he awaited delivery of an updated chemical dependency evaluation and outpatient treatment plan and that he requested that his "parole hearing be [] continued at a later date[.]" Citing to *McDermott v. McDonald*, Boles argues that the Board's actions violated his rights and "that parole cannot be denied without due process." 2001 MT 89, 305 Mont. 166, 24 P.3d 200. Boles requests that this Court remand the matter to the Board for further consideration. He provides copies of an affidavit, his aftercare plan, evaluation, and corresponding needs assessment. Boles does not provide a copy of his Case Disposition from the Board.

Available electronic records indicate that Boles has four criminal cases from the Gallatin County District Court. In 2012, the District Court deferred imposition of concurrent, six-year terms for felony stalking and aggravated burglary. In 2014, because of a new offense, the court revoked the Sentencing Order deferring imposition of sentence and imposed concurrent, ten-year terms to the Department of Corrections (DOC) with five years suspended. The court also committed Boles to the DOC for felony aggravated assault to a concurrent, ten-year term, with five years suspended.

In 2018, the State of Montana charged Boles with six offenses, including sexual abuse of children, strangulation, and partner or family member assault, in the Gallatin County District Court. In 2019 the State charged Boles with criminal possession of dangerous drugs. On October 1, 2020, the District Court sentenced Boles for felony strangulation to the Montana State Prison (MSP) for a concurrent, five-year term, and the court sentenced him to MSP for a consecutive, five-year term for criminal possession of dangerous drugs.

"There is no absolute standard for what constitutes due process." *McDermott*, ¶ 10. This Court has articulated that in a parole hearing, while the due process protections are less stringent than a criminal proceeding in a court of law, the protections do exist and are defined by two main elements: an appearance, or opportunity to be heard, and written notice of the Board's decision. *McDermott*, ¶ 11. "It is well established that a parole release determination is not subject to all the due process protections required to convict or confine. . . . Nor must a parole release determination provide the same due process protections as are required in a parole revocation hearing." *McDermott*, ¶ 11 (citations omitted). "[T]he United States Supreme Court has held that due process is satisfied when the prisoner seeking parole is, at a minimum, provided with an opportunity to be heard and a written statement explaining why he was denied parole." *McDermott*, ¶ 11 (citing *Greenholtz v. Inmates of the Nebr. Penal Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 2108 (1979); *Sage v. Gamble*, 279 Mont. 459, 465, 929 P.2d 822, 825 (1996)).

We obtained a copy of Boles's Case Disposition. Boles's claims do not rise to violations of his due process rights. Boles appeared before the Board on June 16, 2021. The Board denied his parole at his initial appearance and passed him to discharge— November 27, 2023. *See* Admin. R. M. 20.25.501(2)(f)(2012) (The Board's hearing panel may pass the offender to discharge when the date is less than six years away). The Board based its conclusions on the nature and severity of the offenses, his previous criminal history, multiple offenses, poor history in community placement and/or under supervision, and strong objection from criminal justice authorities and/or citizenry. *See*

2

Admin. R. M. 20.25.505(2)(a) and (2)(p) (2016). The Board remarked that "Parole at this time would diminish the severity of the crime." While not provided with his Petition, Boles received a written decision of why he was denied parole.

We have stated several times that the Board has broad authority to consider all factors relating to an offender. "As a complement to its broad discretion to grant, deny, or condition parole, the Board is authorized to consider factors that may not be considered by the district court at trial and sentencing." *McDermott*, ¶ 20. At an initial hearing, "the hearing panel shall consider all available and pertinent information regarding the prisoner, including:"

> (1) the circumstances of the offense;
> (2) the prisoner's previous social history and criminal record;
> (3) the prisoner's conduct, employment, and attitude in prison;
> (4) the reports of any physical, psychological, and mental evaluations that have been made; and
> (5) written or oral statements from criminal justice authorities or any other interested person or the interested person's legal representative, including written or oral statements from a victim regarding the effects of the crime on the victim. [].

Section 46-23-202, MCA (2011). While the Board may consider psychological and mental evaluations, Boles does not address whether he informed the Board of any updated evaluations. In light of the many reasons the Board gave for denying Boles parole, it is doubtful that any other information would have persuaded the Board differently in any event.

Lastly, we point out that Boles's remedy would be with the Board. Boles may seek reconsideration with the Board, in writing and within sixty days of its decision, pursuant to Admin. R. M. 20.25.501(7) (2012), "[i]f the offender can present evidence that the hearing panel's decision was based on erroneous or false information[.]"

Boles has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He has not demonstrated a violation of his due process rights with the Board's denial of his parole in June. Accordingly,

3

IT IS ORDERED that Boles's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Brody Lucas Boles personally.

DATED this 17th day of August, 2021.

Justices